<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| SAMIRKUMAR SHAH, | : | |
| | : | Civ. No. 22-6306 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

Petitioner Samirkumar Shah, a prisoner confined in the Federal Correctional Facility in Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner seeks an order directing Respondent to transfer him to a prison camp or home confinement. (Pet., Docket No. 1.) On January 12, 2023, Petitioner filed a motion for preliminary injunctive relief. (Mot. for P.I., Docket No. 4.) Petitioner states that he is not advancing any new grounds for relief in his motion for preliminary injunctive relief, and that his motion should not be treated as a motion to amend his petition. (Docket No. 4 at 8.) Therefore, the Court will not construe the motion for preliminary injunctive relief as an amended habeas petition or address any new claims.

Petitioner did not pay the $5 filing fee nor did he submit a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The Court may, at its discretion, nonetheless screen the petition for dismissal. *See Brown v. Sage*, 941

F.3d 655, 660 (3d Cir. 2019) (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004) ("A prisoner's civil action may be dismissed ... before any fees have been paid, and thus before 'filing' occurs.") This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. The Court will dismiss the petition without prejudice for lack of jurisdiction. If Petitioner files an amended petition, he will be required to pay the $5 filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

## I.    FACTUAL ALLEGATIONS

Petitioner, a 59-year-old former medical doctor, is serving a 78-month term of imprisonment for health care fraud, imposed on August 10, 2021, in the United States District Court, Western District of Pennsylvania. (Pet., Docket No. 1 at 2, citing *United States v. Shah*, Case No. 2:16-cr-00110-DSC-1). When Petitioner was committed to the federal Bureau of Prisons ("BOP"), he was classified at a low security level. (*Id.*) Six months later, Petitioner had another security screening to determine his eligibility for placement at a minimum security camp or home

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

confinement. (Pet., Docket No. 1 at 3.) Petitioner's case manager informed him that he had been classified with a "greatest severity level" "public safety factor" ("PSF") after his health care fraud offense of conviction was reviewed and determined to be a violent offense, which rendered him ineligible for camp placement. (Pet., Docket No. 1 at 3-4.) Petitioner appealed to the warden, who concluded that the PSF was warranted because Petitioner's offense conduct increased his patients' risk of serious bodily injury or death. (*Id.* at 4.) The warden explained that Petitioner could seek to have the PSF waived, but he would not waive the PSF at that time because Petitioner had only displayed an average institutional adjustment with an average level of programming. (*Id.*) Petitioner disagrees with his security level and the decision not to waive his PSF.

Petitioner alleges the low-security level facility at FCI Fort Dix, where he is currently housed, is undergoing a COVID-19 crisis. Petitioner is forced to live in close quarters with eleven other inmates. He had a severe adverse reaction to the first Pfizer vaccine. Therefore, a medical determination was made that he is not a candidate for further vaccine.

Petitioner asserts the following factual allegations in his motion for preliminary injunctive relief. There has been a surge of COVID-19 cases in Petitioner's housing unit, with 68 infected inmates. Petitioner was extremely ill three weeks prior to filing his motion for preliminary injunctive relief, and he was never tested for COVID-19 or provided with medical treatment. The facility's partial

lockdown contributes to its overcrowding and unsanitary conditions but does not permit social distancing. He is subject to irreparable harm of serious illness or death if he remains confined at FCI Fort Dix, based on his age, health factors and partially-vaccinated status.

## II.    LEGAL CLAIMS

Liberally construing the petition as required,[2] the Court identifies the following legal claims:

- BOP violated Petitioner's due process liberty interest[3] in BOP offered programming in rehabilitation and community reentry by arbitrarily restricting his access to such programs;

- BOP arbitrarily extended his incarceration by erring in his custody classification;

- BOP violated the Double Jeopardy Clause by punishing Petitioner twice for the health care offense of conviction;

- BOP's denial of his request to transfer to a prison camp or home confinement violates his right to due process based on the COVID-19 conditions at FCI Fort Dix, which puts Petitioner at a severe risk of contracting the virus and leading to his death.

- BOP violated Petitioner's due process right to be housed in a safe, hazard-free environment under 18 U.S.C. § 4042

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Petitioner recognizes that he does not have a due process right to camp placement or home confinement. Thus, he poses his claims as follows, "once [Petitioner's] eligibility to those programs has been established, it is impermissible for the BOP to arbitrar[ily] deny him access to the programs." (Pet., Docket No. 1 at 17.)

For preliminary injunctive relief, Petitioner seeks immediate removal from confinement in FCI Fort Dix. (Docket No. 4 at 9-11.)

## III.   ANALYSIS

28 U.S.C. § 2241(c)(3) provides, "[t]he writ of habeas corpus shall not extend to a prisoner unless-- … He is in custody in violation of the Constitution or laws or treaties of the United States…."   First, the Court must satisfy itself of jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) ("courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.")

## A.   Due Process Liberty Interest

A prisoner "has no due process right to any particular security classification[.]" *Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)). Nonetheless, Petitioner alleges that he has a due process liberty interest in participation in BOP programs for which he is eligible, including transfer to a prison camp or home confinement. This claim appears to arise out of the pre-*Sandin* prisoner cases, where the courts wrestled "with the language of intricate, often rather routine prison guidelines" to determine whether the regulations created a due process interest in a particular condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 480–81 (1995). In *Sandin*, the Supreme Court rejected this analysis, and held that liberty interests under the Due Process Clause would generally be limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484 (internal citations omitted). An exception to this general rule exists where the State action in question would "inevitably affect the duration of [the prisoner's] sentence." *Id.* Thus, pursuant to *Sandin*, a prisoner does not have a due process right to serve a portion of his prison sentence in a prison camp or home confinement because serving a prison sentence in a low-security level facility does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 412 (3d Cir. 1999) ("Since an inmate is normally incarcerated in prison, [his] return to prison [from a halfway house] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life….") This Court lacks jurisdiction under 28 U.S.C. § 2241 based on Petitioner's due process challenge to the denial of his requests for camp placement and home confinement.

**B.      Fifth Amendment Double Jeopardy Clause**

Petitioner argues that the BOP's denial of his request for transfer to a prison camp or home confinement, based on the nature of his offense of conviction, violates the Double Jeopardy Clause of the Fifth Amendment by punishing him twice for his health care fraud conviction. "The Double Jeopardy Clause provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'" *Hudson v. United States*, 522 U.S. 93, 98 (1997)). "The [Double Jeopardy] Clause

protects only against the imposition of multiple criminal punishments for the same offense…." *Hudson*, 522 U.S. at 99. "Changes in conditions of confinement, such as an alteration or assignment of a prisoner's security classification and consequent loss of privileges, are not additional punishments for the original offense in part because the sentence is not being increased beyond that originally imposed." *Day v. U.S. Dep't of Just.*, No. CIV A 06-5302 RBK, 2007 WL 1321208, at *6 (D.N.J. May 2, 2007) (citing *Stiver v. Meko*, 130 F.3d 574, 578–79 (3d Cir. 1997); *Perez v. Federal Bureau of Prisons*, No. 06–3983, 2007 WL 1093322 *1 (3d Cir., April 11, 2007)). Therefore, the BOP's denial of Petitioner's requests for transfer to a prison camp or home confinement did not violate the Double Jeopardy Clause of the Fifth Amendment.

## C.    Fact or Duration of Confinement

Jurisdiction under 28 U.S.C. § 2241 exists where a petitioner challenges Government action that necessarily impacts the "fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Thus, a challenge to a condition of confinement that would "alter [a] sentence" or "undo [a] conviction" arises under § 2241, and not 42 U.S.C. § 1983. *Id.* at 542. Therefore, this Court lack jurisdiction under 28 U.S.C. § 2241, and Petitioner may bring his claim under the Federal Tort Claims Act or *Bivens*. *See*, *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (holding challenges to a security designation or custody classification do not challenge the fact or duration of confinement as required for § 2241 jurisdiction); *Gross v. Warden, USP Canaan*, 720 F. App'x 94, (3d Cir. 2017) (holding challenge to

custody classification was appropriately brought under *Bivens* not habeas corpus);

*Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (affirming that even

if an erroneous security designation prevents a prisoner's transfer to a minimum

security camp, the claim is not cognizable under § 2241).

**D.     Execution of Sentence**

Petitioner relies on the Third Circuit's decision in *Woodall v. Fed. Bureau of

Prisons,* 432 F.3d 235 (3d Cir. 2005) to challenge the BOP's execution of his sentence.

In *Woodall*, the Third Circuit held that § 2241 habeas jurisdiction existed over a

prisoner's challenge to the execution of his sentence; the decision over the prisoner's

placement in a community corrections center ("CCC") or similar institution at the

end of a prisoner's sentence. *Id.* at 243-44. Woodall argued that new BOP regulations

"impermissibly ignored the placement recommendations of his sentencing judge."

*Id.* at 238-39. Woodall's sentencing judge recommended that he serve the last six

months of his sentence in a halfway house. *Id.* at 238.

18 U.S.C. 3621(b) mandated the BOP to consider "any statement by the court

that imposed the sentence—… concerning the purposes for which the sentence to

imprisonment was determined to be warranted; or … recommending a type of penal

or correctional facility as appropriate…." *Woodall*, 432 F.3d at 239. The BOP's 2005

regulations, 28 C.F.R. §§ 570.20 and. 570.21, did not "allow for full consideration of

the factors plainly enumerated in § 3621(b)[.]" Thus, the Third Circuit held the

regulations were not a permissible construction of the statute. *Id.* at 241.

In *Cardona*, the Third Circuit explained that challenges to the BOP's execution of a sentence are limited to situations where the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." 681 F.3d at 537. Petitioner has not alleged that denial of his request for camp placement or home confinement are inconsistent with a command or recommendation in his sentencing judgment. Therefore, jurisdiction does not lie under § 2241 to challenge the BOP's execution of his sentence based on the BOP's statutory interpretation.

**E.     Administrative Procedure Act**

Petitioner alleges that the following BOP decisions were arbitrary and capricious:   (1) Petitioner's custody classification with greatest severity level PSF; (2) refusal to waive Petitioner's designated PSF; and (3) denial of Petitioner's request to transfer to home confinement under the CARES Act. The Court construes the petition as challenging the BOP's decisions under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), which provides, in relevant part:

> The reviewing court shall-- … (2) hold unlawful and set aside agency action, findings, and conclusions found to be- - (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

However, this must be read with 18 U.S.C. § 3625, which provides, "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Subchapter C of Title 18 governs §§ 3621-3626. Thus, a prisoner may not challenge his custody classification under § 706 of the ADA. *Burnam v. Marberry*, 313 F. App'x

455, 456 (3d Cir. 2009) ("Congress has precluded judicial review of claims made

pursuant to § 706) (citing 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076,

1079 (8th Cir. 1998)). "Extended home confinement under the CARES Act falls

under § 3624(c), and is thus exempted from judicial review." *Goodchild v. Ortiz*, No.

CV 21-790 (RMB), 2021 WL 3914300, at *19 (D.N.J. Sept. 1, 2021); *see, United States*

*v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) ("the recently passed CARES Act

permits the Director of the BOP to extend the period of home confinement permitted

under § 3624(c)(2) (citing Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)).

Therefore, jurisdiction does not lie in under 5 U.S.C. § 706(2)(A).

## F.    Habeas Relief Based on Conditions of Confinement

Petitioner asserts a due process right to be "housed in a safe, hazard-free

environment" pursuant to 18 U.S.C. § 4042. This statute

> does not impose a duty on any officials who may be
> responsible to the Bureau of Prisons, and does not
> establish a civil cause of action against anyone in the event
> the Bureau's duty is breached. In other cases, the courts
> have made it clear that if the duty imposed by § 4042 is
> breached, the prisoner's remedy is an action against the
> United States, under the Federal Tort Claims Act.

*Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) (quoting *United States v.*

*Muniz*, 374 U.S. 150 (1963)). Thus, 18 U.S.C. § 4042 does not create a due process

right to be housed in a safe environment.

In *Hope v. Warden York County Prison*, the Third Circuit held that because

extraordinary circumstances existed in March 2020, based on the COVID-19

pandemic, immigration detainees could seek habeas relief, release from confinement, based on allegations that the conditions of confinement violated the 14th Amendment. Petitioner, who is a convicted and sentenced prisoner whose conditions of confinement are governed by the Eighth Amendment ban on cruel and unusual punishments, did not allege violation of the Eighth Amendment in his habeas petition. Although Petitioner makes reference to the Eighth Amendment in his motion for preliminary injunctive relief, he also emphatically states that he is not raising any new claims in his motion, and it should not be interpreted as a motion to amend. Therefore, the Court will not construe the petition or the motion for preliminary injunction as asserting a habeas claim based on violation of the Eighth Amendment standard governing his conditions of confinement.

## V.    CONCLUSION

This Court lacks habeas jurisdiction under ) 2241, and jurisdiction under the APA, 5 U.S.C. § 706. The Court has not construed the petition as raising a habeas claim based on the Eighth Amendment ban on cruel and unusual punishments concerning the present COVID-19 conditions of confinement. If Petitioner wishes to assert such a claim, he may file an amended habeas petition. Therefore, the Court will dismiss the petition without prejudice for lack of jurisdiction.

An appropriate order follows.


**Dated:**   <u>**February 7, 2023**</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**
